IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | Case No. 05-01990 (MCF) |
| LARRY L. CARTER | Chapter 13 |
| Debtor. | |
| BANCO POPULAR DE PUERTO RICO, | |
| Plaintiff, | Adv. No. 11-00124 (MCF) |
| v. | |
| LARRY L. CARTER, | |
| Defendant. | |

FILED & ENTERED

APR 0 4 2012

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## DECISION AND ORDER

Upon review of Larry L. Carter's (hereafter "Debtor") motions to dismiss for lack of jurisdiction in both the Legal Case (Docket No. 67) and the Adversary Proceeding(Docket No. 29), the Court hereby DENIES both motions for the reasons set forth below.

### I. PROCEDURAL HISTORY

Debtor filed a petition for bankruptcy under Chapter 13 on March 3, 2005 (Legal Case Docket No. 1). On May 5, 2005, Debtor filed a proof of claim, number 2-1, in favor of secured creditor, Banco Popular de Puerto Rico (hereafter "BPPR"). Thereafter, BPPR filed its own proof of claim, number 3-1. Both claims included pre-petition mortgage arrears; however, the

1

amounts of pre-petition mortgage arrears were different on each claim.

On May 6, 2005, Debtor's Chapter 13 plan dated February 22, 2005, was confirmed and contained a provision to pay BPPR's secured mortgage arrears(Legal Case Docket No. 9). Thereafter, the debtor filed a post-confirmation modified plan dated April 17, 2007, which also included a provision to pay BPPR's secured mortgage arrears (Legal Case Docket No. 13).

On April 18, 2007, Debtor filed an objection to BPPR's claim number 3, alleging that the correct amount of pre-petitions arrears was $8,768.00 and not the amount of $18,104.88 as claimed by the bank (Legal Case Docket No. 16). On June 5, 2007, Debtor filed an amended objection to BPPR's claim number 3, alleging again that the correct amount of the claim was $8,768.00 (Legal Docket No. 23).

The Court granted Debtor's objection to BPPR'S claim number 3 on July 19, 2007 (Legal Case Docket No. 28) and approved Debtor's post confirmation modified plan dated April 17, 2007 (Legal Case Docket No. 32).[1] Thereafter, in 2009, Debtor completed his plan and a discharge was entered in his favor (Legal case Dockets No. 35 and 38).

Approximately one year later, on December 16, 2009, BPPR filed a motion to reopen the Chapter 13 case, pursuant to 11

---

[1] Order by the Honorable Sara de Jesus.

2

U.S.C. § 350(b) and Fed. R. Bankr. P. 5010 and 9024 alleging, in essence, that it ceased to receive notice of docket entries after June 3, 2005; and therefore, it did not respond to Debtor's objection to claim Number 3 (Legal Case Docket No. 42). Debtor opposed BPPR's motion to reopen and after several procedural events, the Court on June 8, 2011, filed its Decision and Order (Legal Case Docket No. 60) which states in its pertinent parts:[2]

> BPPR was not notified of the order granting Carter's request to modify its claim, nor was it notified of the order granting Carter's request to modify his Chapter 13 Plan. Carter's initial claim filed on BPPR's behalf included $19,748 in arrears, which is more than BPPR sought. This sum was later included in the Chapter 13 Trustee's final report as an allowed secured claim that remained unpaid. The final report did not include any notice for the filing of objections, but even if it had, due to the discrepancies, it is not clear that BPPR's claimed arrears were not allowed.

> While this case has been closed for more than a year and all funds have been already distributed by the Chapter 13 Trustee, no funds were distributed to unsecured creditors. Thus, fortunately this case does not bring up a scenario where unsecured creditors face the possibility of being required to return funds to the estate. While the errors in noticing were not due to any acts or omissions by Carter, the Court cannot conclude that Carter will be unfairly prejudiced by reopening and BPPR's attempt to establish its debt. Carter initially claimed that he owed BPPR $19,748 in arrears. BPPR claimed to be owed thirteen prepetition payments amounting to $18,104.18. Carter later

---

[2] Decision and Order issued by the Honorable Sara de Jesus.

3

claimed that he owed eight prepetition payments amounting to $8,768. It should not be difficult for the parties to establish the actual amount of the arrears. Thus, based on stated "involuntary errors" by the Clerk's Office in failing to notify BPPR of orders of the Court affecting its rights, the request to reopen this case, is granted.

WHEREFORE IT IS ORDERED that the motion by Banco Popular de Puerto Rico to reopen this Chapter 13 case pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010 and 9024 shall be, and it hereby is, GRANTED. BPPR shall file its adversary proceeding within thirty days.

(Legal Case Docket No. 60).

In summary, the court granted BPPR's request to re-open the case based on an issue of "due process." The bank did not receive certain notifications of court orders regarding the time period to oppose Debtor's objection to claim due to errors by the Clerk of the Court's office. Neither party sought review of the order to re-open the case.

As such, the case was re-opened and on June 14, 2011, BPPR filed the instant adversary complaint against Debtor requesting declaratory judgment, seeking that the Court determine that the pre-petition arrears were not cured under the Chapter 13 Plan and that the amount of $9,336.18 are still owed to BPPR (Legal case Docket No.62). In addition, BPPR filed an answer to Debtor's objection to claim number 3 reiterating its position. (Legal case Docket No. 63).

4

On November 23, 2011, Debtor filed essentially the same motion to dismiss for lack of jurisdiction in both the Legal Case (Docket No. 67) and the Adversary Proceeding (Docket No. 29). Debtor requests that this Court address the issue of subject matter and personal jurisdiction because in his view, the local court is the only court with jurisdiction to adjudicate the issue at hand; and as such, both the adversary proceeding and the contested matter concerning the objection to claim should be dismissed. Debtor relies on 28 U.S.C. § 1334 as the legal authority in support of his jurisdictional argument; however, he does not discuss any grounds in support of his position, nor any case law, that might sustain his allegations.

## II. LEGAL ANALYSIS AND DISCUSSION

It is common for state judicial systems to have general jurisdiction and be able to hear all causes of action brought before them, unless there is some specific statute denying them subject matter jurisdiction. The federal courts, however, have limited subject matter jurisdiction. They are strictly limited in what cases they may adjudicate and may exercise jurisdiction. In addition to the constitutional bases for federal court jurisdiction, Congress has the power to determine the scope of lower federal court jurisdiction. Many federal statutes, such as 28 U.S.C. §§ 1330-1334, authorize federal jurisdiction over

5

matters arising under substantive statutes or in particular situations.[3]

### A) Subject Matter Jurisdiction

Subject matter jurisdiction is conferred upon district courts, on bankruptcy cases or proceedings, pursuant to 28 U.S.C. § 1334. The statute provides:

> Bankruptcy cases and Proceedings
>
> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334.

Although the district courts have original and exclusive jurisdiction over bankruptcy cases, district courts need not adjudicate these cases; they may refer them to bankruptcy courts.[4]  The United States District Court for the District of

---

[3] Linda S. Mullenix, Moore's Federal Practice ¶ 122.01 (3d ed. 2012).
[4] 28 U.S.C. § 157(a) provides as follow:

> § 157.  Procedures
>
> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

6

Puerto Rico, pursuant to Local Rule 83K(a), refers cases and proceedings in bankruptcy to the bankruptcy court of this district.[5]

BPPR asserts in its reply to Debtor's motion to dismiss, that the allowance or disallowance of claims against the estate is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(B.[6] "Whether a proceeding is core or non-core is beside the point for determining jurisdiction because '[t]hat allocation [of core and non-core] does not implicate questions of subject matter jurisdiction.'" Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.), 448 Fed. Appx. 134, 136 (2d Cir. 2011)(citing Stern v. Marshall, 564 U.S. --, 131 S. Ct. 2594, 180 L.Ed.2d 475 (2011)). As long as the proceeding qualifies as either one or the other, the Bankruptcy Court will possess subject-matter jurisdiction. Id.

A great number of cases discuss the bankruptcy court's jurisdiction regarding contested matters on the filing and objection of claims, which, in essence, have thoroughly affirmed the court's jurisdiction in this matter. To wit, "[t]he bankruptcy court ha[s] sole and exclusive jurisdiction of payment of provable claims against bankrupt estate, and, likewise it had exclusive jurisdiction in all matters concerning

---

[5] D.P.R. Civ. R. 83K(a).
[6] Adversary Proceeding Docket No. 25 at 4.

amount and validity of taxes." In re Maryland Coal Co., 36 F.

Supp. 142,144-145(ND. W.Va. 1941).

> Because [the] adversary proceeding arises out of
> the claim's objection process -- which does not
> exist outside of bankruptcy, the court has
> subject matter jurisdiction over the dispute
> pursuant to 28 U.S.C. § 1334 and [the] adversary
> is a core proceeding pursuant to §
> 157(b)(2)(B),(C), and (O).

Logan Med. Found., Inc. v. Hayflich & Steinberg, 346 B.R.
184,187 Bankr. S.D. W.Va. 2006).

> The Court had subject-matter jurisdiction to hear
> and decide Chapter 11 debtor's post-confirmation
> objection to creditor's claim because it fell
> squarely within either scope of proceedings that
> were created or determined by specific provision
> of Bankruptcy Code or proceedings which, by their
> very nature, could arise only in context of
> bankruptcy case.

NRG Options, Inc. v. Ruthrauff, Inc., 2005 Bankr. LEXIS 1128, 9,
44 Bankr. Ct. Dec. 251 (Bankr. W.D. Penn. 2005).

> Adversary proceedings conducted in Bankruptcy
> Court to determine validity and amount of claims
> against debtor's estate are brought under federal
> bankruptcy jurisdiction pursuant to 28 USCS §
> 1334 and 157...while validity of claim is
> determined by state law, allowance or
> disallowance of claim is strictly matter of
> federal law and is left to Bankruptcy Court's
> just exercise of its equitable powers.

In re Fantastik, Inc., 49 B.R. 510, 511-512 (Bankr. D. NV 1985).

In view of the aforementioned, the Court finds that it has

subject matter jurisdiction to adjudicate the objection to

claim, not properly resolved during the bankruptcy process, as a

result of "due process" issues. Claims adjudication and

8

objections to claims clearly fall within the power of the bankruptcy court to resolve.

### B) Personal Jurisdiction

Debtor also alleges in his motion to dismiss that the bankruptcy court does not have personal jurisdiction over him because "...th[e] Honorable Court does not have any basis to assert jurisdiction, including a complete failure of personal jurisdiction over the debtor under the narrow and limited grounds for jurisdiction granted to this court under Title 28 of the United States Code...."[7]

Typically, the court obtains personal jurisdiction through proper service of process.[8] Defenses to lack of personal jurisdiction may be waived by "formal submission in a cause, or by submission through conduct."[9]

In this case, Debtor submits to the Court's authority when he files a voluntary petition for bankruptcy under Chapter 13 on March 3, 2005 (Legal Case Docket No. 1) and a proof of claim on behalf of a creditor on May 5, 2005. "In particular, where a party seeks affirmative relief from court, it normally submits itself to jurisdiction of court with respect to adjudication of claims arising from same subject matter." Bel-Ray Co., Inc. v. Chemrite Ltd., 181 F.3d 435, 442 (3d Cir. 1999). By these

---

[7] Legal Case Docket No.67 at 1 and Adversary Proceeding Docket No.29 at 1.
[8] Fed. R. Bankr. P. 7004 and Fed. R. Civ. P. 12.
[9] Milton I. Shadurup, Moore's Federal Practice ¶ 12.31 (3d ed. 2012); Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir. 1999).

9

actions, Debtor has voluntarily submitted himself to the jurisdiction of the federal court.

In addition, BPPR has willingly chosen to participate in the legal proceeding under 28 U.S.C. § 1334 by filing a proof of claim. In doing so, BPPR chose to participate in the distribution of assets held by the bankruptcy estate. Thus, both Debtor and Creditor have voluntarily elected the jurisdiction of the bankruptcy court by filing a petition and a claim, respectively. Furthermore, Debtor was personally and properly served with the adversary complaint.

Consequently, the Court finds that it has personal jurisdiction over Debtor and subject matter jurisdiction over the claim dispute brought by the creditor, BPPR, in both cases.

### ORDER

In light of the above, the Court hereby DENIES Debtor's motions to dismiss for lack of subject matter and personal jurisdiction, both in the Legal Case and in the Adversary Proceeding.

SO ORDERED.

San Juan, Puerto Rico, this 4th day of April 2012.

BY THE COURT:

*Mildred Caban*

MILDRED CABAN FLORES
U.S. Bankruptcy Judge